IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SARAH WARD,<br><br>   Plaintiff,<br> v.<br><br>LVNV FUNDING, LLC and JOHNSON MARK, LLC,<br><br>   Defendants. | Case No.: 3:23-cv-00362-AN<br><br>OPINION AND ORDER |

  Plaintiff Sarah Ward brings this action under the Fair Debt Collection Practices Act against defendants LVNV Funding, LLC ("LVNV") and Johnson Mark, LLC. Plaintiff moves this Court, for a second time, to strike many of the affirmative defenses raised in LVNV's answer to plaintiff's complaint. The Court heard oral arguments from the parties on June 26, 2023. For the reasons set forth below, plaintiff's motion is DENIED.

## LEGAL STANDARD

  An answer must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Such defenses must be stated "in short and plain terms." *Id.* 8(b)(1)(A). A court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* 12(f). "Immaterial" matters are those that have "no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994). "Impertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." *Id.* (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 711 (1990)) (internal quotation marks omitted). Such pleadings are legally insufficient because they clearly lack merit "under any set of facts the defendant might allege." *Polk v. Legal Recovery L. Offs.*, 291 F.R.D. 485, 489 (S.D. Cal. 2013) (quoting *McArdle v. AT&T Mobility, LLC*, 657 F. Supp. 2d

1

1140, 1149-50 (N.D. Cal. 2009)).  Ultimately, whether an affirmative defense is insufficient depends on "whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  Fair notice exists if the defense is described in "general terms." *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)).

The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *see Fantasy, Inc.*, 984 F.2d at 1527.  The disposition of a motion to strike is within the discretion of the district court.  *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).  "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings."  (Quotation marks and alterations omitted.)).

## BACKGROUND

Plaintiff Sarah Ward, an individual, brings this action under the Fair Debt Collection Practices Act against defendants LVNV and Johnson Mark, LLC.  LVNV filed its answer to plaintiff's complaint on April 13, 2023, alleging nineteen affirmative defenses.  On April 17, 2023, without first conferring with LVNV, plaintiff filed a motion to strike fifteen of LVNV's nineteen affirmative defenses.  LVNV responded by making plaintiff aware of her non-compliance with Local Rule 7-1(a)'s conferral and certification requirements.  Plaintiff and LVNV conferred on May 4, 2023, at which time plaintiff voluntarily struck her motion to strike from the record, and LVNV agreed to voluntarily strike affirmative defenses 8, 9, 13, and the reference to California Civil Code § 1788.30 in affirmative defense 6.  The next day, on May 5, 2023, plaintiff filed the present, second motion to strike.  Plaintiff's second motion to strike (1) again did not include a certification of conferral as required by Local Rule 7-1(a); and (2) did not acknowledge LVNV's agreement during conferral to voluntarily strike affirmative defenses 8, 9, 13, and the reference to California Civil Code § 1788.30 in affirmative defense 6.  Indeed, plaintiff concedes that

her second motion to strike was substantively "identical" to the first. Pl.'s Reply in Supp. of Pl.'s Second Mot. to Strike, ECF [19] at 2. Plaintiff contends that while LVNV did indicate during conferral that it would voluntarily strike certain affirmative defenses, "it was never clear which ones," and that plaintiff's counsel advised that "the Court could strike the affirmative defenses that were unopposed on the order he had provided the Court when the motion was filed." *Id.* After oral arguments, based on the stipulation of the parties, the Court struck from LVNV's answer affirmative defenses 8, 9, 13, and the reference to California Code § 1788.30.

LVNV asks this Court to deny plaintiff's present motion to strike on the grounds that plaintiff's counsel failed—for the second time—to comply with the requirements of Local Rule 7-1(a).

## DISCUSSION

Local Rule 7-1(a)(1)(A) requires a party filing a motion to certify that "the parties made a good faith effort through personal or telephone conferences to resolve the dispute, and have been unable to do so[.]" Local Rule 7-1(a)(3) provides that "[t]he Court may deny any motion that fails to meet this certification requirement." "The obvious purpose of Local Rule 7-1(a) is to encourage parties to resolve disputes amicably when possible, preserving judicial resources for those matters that require the court's intervention." *Wesley v. Gulick*, No. 3:15-cv-00440-SB, 2017 WL 8950508, at *7 (D. Or. Aug. 25, 2017) (quoting *Thompson v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004) (internal quotation marks omitted)), *modified on other grounds*, No. 3:15-cv-00440-SB, 2017 WL 4881580 (D. Or. Oct. 30, 2017). Ultimately, "[d]istrict courts have broad discretion in interpreting and applying their local rules." *Kazemy v. BMW of N. Am., LLC*, No. 3:13-cv-02050-AC, 2014 WL 3667217, at *2 (D. Or. July 17, 2014).

It is undisputed that plaintiff's present motion to strike did not include a certification of conferral as required by Local Rule 7-1(a). Further, plaintiff admits that, notwithstanding LVNV's agreement during conferral to strike certain affirmative defenses from its answer, plaintiff nonetheless filed a second motion to strike that was substantively "identical" to the first. Plaintiff's arguments that "it was never clear which" defenses LVNV agreed to strike, and that "the Court could strike the affirmative defenses that were unopposed," are unpersuasive. The purpose of Local Rule 7-1(a)'s conferral requirement

3

is to preserve judicial resources by allowing parties to resolve disputes amicably. *Wesley*, 2017 WL 8950508, at *7. By failing to incorporate the substance of the parties' conferral into her second motion to strike, plaintiff failed to put forth a good faith effort to confer, as required by Local Rule 7-1(a)(1)(A).

Because plaintiff failed to provide certification of, or participate in, a good faith conferral under Local Rule 7-1(a), plaintiff's Motion to Strike Defendant LVNV's Affirmative Defenses Pursuant to FRCP 12(f) is DENIED.

## CONCLUSION

Accordingly, plaintiff's Motion to Strike Defendant LVNV's Affirmative Defenses Pursuant to FRCP 12(f), ECF [14], is DENIED.

IT IS SO ORDERED.

DATED this 5 day of July, 2023.

_____
Adrienne Nelson
United States District Judge